UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL MCADAMS                                             CIVIL ACTION

VERSUS

RECEIVABLE RECOVERY                                         NO.: 19-00248-BAJ-EWD
SERVICES, LLC

## RULING AND ORDER

Before the Court is Defendant's **Motion to Dismiss or For Summary Judgment (Doc. 9)**. Defendant requests that the Court dismiss this matter pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(7), and 56(a). For the reasons stated herein, Defendant's Motion is **DENIED AS MOOT**.

I.   BACKGROUND

This matter arises from an action for Defendant's alleged violations of the Fair Debt Collection Practices Act (FDCPA). On November 4, 2018, Plaintiff's mother, Marie McAdams, died testate, naming Plaintiff as the Executor of her estate. (Doc. 17 at p. 4). Plaintiff alleges that on December 6, 2018, he received a letter from Defendant demanding payment for a debt owed to Acadian Ambulance Service by his mother. Plaintiff alleges that on December 18, 2018, he sent a certified letter to Defendant disputing the debt and requested that Defendant produce validation of the alleged debt pursuant to 15 U.S.C. §1692(g)(b).[1] (Id. at p. 6). Plaintiff alleges that

---

[1] Under 15 U.S.C. § 1692(g)(b), if the consumer notifies the debt collector in writing within the 30 day period that the debt, or any portion thereof, is disputed, the debt collector shall cease collection

Defendant received the certified letter on December 26, 2018 because Defendant's representative signed for the letter with USPS. (Id. at 7). Plaintiff claims that the day after Defendant allegedly received the letter, Defendant sent a second collection letter addressed to the "Estate of Marie McAdams" seeking to collect the debt. (Id.). Plaintiff alleges that on January 7, 2019, Defendant sent a third collection letter. Plaintiff asserts that Defendant never sent a letter to verify the debt, as Plaintiff requested in his December 18, 2018 letter to Defendant.

Plaintiff filed a Complaint (Doc. 1) on April 24, 2019, alleging several violations of the FDCPA. Defendant responded with the instant motion, seeking dismissal pursuant to Rule 12(b)(1) because Plaintiff lacks standing, Rule 12(b)(6) because Plaintiff failed to state a claim, and Rule 12(b)(7) because Plaintiff failed to join all necessary parties as plaintiffs in this action. (Doc. 9 at p. 1). Defendant additionally seeks Summary Judgment in the alternative, alleging that all of Plaintiff's claims are based on a letter that they did not receive, and thus a violation of the FDCPA did not occur. Plaintiff filed his Amended Complaint (Doc. 17) on July 9, 2019, to address the allegations in Defendant's Motion.

## II. LEGAL STANDARD

Generally, an amended complaint supersedes the original complaint and renders it of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Once filed, an amended complaint may render all earlier motions moot. *See Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017), as revised (June 8, 2017)

---

of the debt until the debt collector obtains verification of the debt or a copy of a judgment and mails a copy of it to the consumer.

2

(finding that an amended complaint rendered all earlier motions, including the plaintiff's motion for partial summary judgment, moot). Courts have discretion, however, to "consider a motion for summary judgment on the original complaint where the amended complaint fails to cure the deficiencies of the original complaint." *Lofty, LLC v. McKelly Roofing, LLC*, No. 2:17-CV-159-D-BR, 2018 WL 6004307, at *1 (N.D. Tex. Nov. 7, 2018), report and recommendation adopted, No. 2:17-CV-159-D, 2018 WL 6000147 (N.D. Tex. Nov. 15, 2018), *citing Zavala v. Carrollton-Farmers Branch Indep. Sch. Dist.*, No. 3:16-CV-1034-D, 2017 WL 3279158, at *1 n.1 (N.D. Tex. Aug. 2, 2017) (recognizing that a court may treat a motion for summary judgment directed to a superseded complaint as if it were addressed to the amended complaint where defects in the superseded complaint reappear in the amended complaint).

## III. DISCUSSION

Defendant asserts that Plaintiff's claims must be dismissed because Plaintiff lacks standing, fails to state a claim, and fails to join necessary plaintiffs, such as any surviving children of Marie McAdams. (Doc. 9 at p. 1). In the original complaint, Plaintiff named himself as the only plaintiff. In Plaintiff's Amended Complaint, he added the Estate of Marie F. McAdams as a plaintiff, and himself as executor of the estate. Plaintiff also added facts that further support his FDCPA claim and his standing to bring the claim. Plaintiff alleged that he sent a certified letter to Defendant to request validation of his mother's debt. Plaintiff further alleges that he never received validation of the debt. Plaintiff pleaded standing by alleging that he has suffered an injury in fact that is traceable to Defendant's conduct that is likely to be redressed by a favorable decision by the Court. The Court finds that Plaintiff has

3

cured the deficiencies that Defendant addressed in the instant Motion from Plaintiff's first Complaint. Thus, the Amended Complaint supersedes the original Complaint, and renders existing motions, including the instant Motion, moot. Plaintiff remains free to file new motions concerning the substance of the Amended Complaint.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss or For Summary Judgment (Doc. 9)** is **DENIED AS MOOT**, without prejudice to Defendant's right to file new motions concerning material from the recently filed Amended Complaint.

Baton Rouge, Louisiana, this 13th day of March, 2020.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**